## L. A. Becker Company v. Baker.

(Decided January 12, 1912.)

### Appeal from Caldwell Circuit Court.

1. Soda Fountain—Sale of—Warranty—Offer to Return.—The purchaser of a soda fountain, which is not constructed according to

the warranty under which it is sold, is not obliged to offer to return the fountain, but may retain it, and sue for damages on the warranty.

2.  View of by Jury—Discretion of Court.—The court has a discretion as to ordering the jury to view the thing in dispute. He did not abuse a sound discretion in refusing to order the jury to view a soda fountain. .

3.  Warranty—Action on—Criterion of Recovery.—In an action on a warranty on a sale of a soda fountain, the proper criterion of recovery is the difference between the fair value of the fountain as it was and as it would have been if constructed according to the warranty.

HODGE & HODGE for appellant.

JOHN C. GATES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

In March, 1909, W. T. Baker bought of the L. A. Baker Company a soda fountain for his drug store at Princeton, Kentucky, for which he agreed to pay $1,200; $300 cash when the soda fountain was set up, and the remainder in 24 monthly installments. He made the cash payment of $300, and paid the first two monthly installments. He declined to pay anything further on the ground that the soda fountain did not come up to the warranty under which it was sold him. Thereupon the Becker Company brought this suit against him to recover the balance of the contract price, $826. He pleaded a counterclaim for damages by reason of the soda fountain not filling the warranty. There was a trial before a jury which resulted in a verdict in his favor for $700 on his counterclaim. A judgment was rendered in favor of the plaintiff for $126, with interest and cost. From this judgment the plaintiff appeals.

In the written contract under which the soda fountain was sold it was stipulated among other things as follows:

"All material entering into the job shall be of the best of their respective kinds, and workmanship shall be of the very highest grade known in this class of work. All work shall be done in a thoroughly skillful manner and the construction and finish shall be of the highest type.

"The construction walls proper shall be two in number of properly treated wood covered with layers of moisture proof fibre board.

"This still air space shall be filled with degummed flax fibre, practical tests having proven that this material will confine more still air than any other material.

"Each draught stand specified herein shall be provided with manufacturers duplex circulating cooler system. This unique system utilizes carbonated water as a cooling agent. It prevents the water in the leader pipes between draught arms and coolers from becoming warm and thus ensures cold soda at all times without the employment of city water.

"Only the best of the different materials shall be employed in the metal work of this apparatus.

"This outfit is fully guaranteed against defects in the character of the materials or workmanship employed in its construction for a period of five years, and the manufacturer agrees during that time to replace any mechanical parts shown to be defective and not caused by ordinary wear and tear, or abuse and neglect."

Baker proved that the walls were not of properly treated wood covered with layers of moisture proof fibre board; that the still air space was not filled with degummed flax fibre; that each draught stand was not provided with the duplex circulating cooler system; that the soda fountain sweated by reason of its faulty construction to such an extent as to make it comparatively useless; and that common brown paper was used instead of the materials specified in the contract. He also showed that he had promptly complained to the manufacturers, and at his request they had sent a man to remedy the troubles which he had with the soda fountain, and that this man after examining it declared that the fountain was not constructed properly, and he could do nothing with it. On the other hand, the proof for the plaintiff was to the effect that the soda fountain was constructed as provided in the contract and that Baker refused to allow the plaintiff's man to work on the fountain and remove the difficulties which he found. On this evidence the court instructed the jury in substance (1) that they should find for the plaintiff in the sum of $826, with interest, unless they believe that the plaintiff had not constructed the soda fountain with walls of properly treated wood covered with layers of moisture proof fibre board; or had failed to fill the still air space between the walls with degummed flax fibre or failed to provide each draught stand of the soda fountain with the duplex cooler system; (2) that if it had not done these things or any of

them, and by reason thereof, Baker was damaged, they should find for him on his counterclaim such damages as he had sustained thereby; (3) that the measure of damages was the difference in value in the soda fountain as it was constructed and what it would have been if constructed according to the contract; (4) that although there were defects in the fountain, still they should find for the plaintiff unless after such defects were discovered by the defendant, he notified the plaintiff thereof, and the plaintiff failed to repair such defects without fault on his part.

These instructions are not seriously complained of and it seems to us that they fairly presented to the jury the law of the case.

The defendant asked the court to give the jury this instruction:

"The court says to the jury that if you believe from the evidence that the defendant intended to waive all claims for damage against the plaintiff by reason of defective insulation, if any, by retaining and keeping the soda fountain without offering to return same after ascertaining that said soda fountain was defectively insulated, if in fact it was defectively insulated, you will find for the plaintiff on the counterclaim."

The instruction was properly refused because the defendant had a right to keep the soda fountain and rely upon his warranty for damages. He was not obliged to return the soda fountain in order to maintain his action upon the warranty.

The plaintiff at the conclusion of the evidence asked the court to allow the jury to go to the premises and look at the soda fountain. The court properly refused to order this. The jury were not experts as to soda fountains and their view of it would have thrown no light on the case. It was not a matter on which a view of the premises would have enlightened the jury. The trial was had in the winter, and the soda fountain was not in operation. The trial court has a broad discretion in matters of this sort, which will not be interfered with on appeal, unless the discretion is palpably abused.

While the evidence was conflicting we can not say that the verdict of the jury is palpably against the evidence.

Judgment affirmed.